## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:25-cv-00977-MR

| | |
|---|---|
| MARCUS ANTONIO SATTERFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| AVERY MITCHELL CORRECTIONAL ) | **ON INITIAL REVIEW** |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I. BACKGROUND

Pro se Plaintiff Marcus Antonio Satterfield ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Johnston Correctional Institution in Smithfield, North Carolina. On December 9, 2025, he filed this action pursuant to 42 U.S.C. § 1983, based on alleged events at Avery/Mitchell Correctional Institution ("AMCI") in Spruce Pine, North Carolina. [Doc. 1]. Plaintiff names the following AMCI officials as

Defendants: Richard Ellis, Sergeant; Matthan Hicks,[1] Correctional Officer; Danny Strafford, Correctional Officer; Landon Brown,[2] Unit Manager; Loren Aldrige, Unit Manager; Derrick E. Fox, not otherwise identified; Robert B. Bullis, Warden, and FNU Crow, Assistant Warden, all in their individual and official capacities. [Id. at 1-3]. Plaintiff also names the Department of Adult Correction ("NCDAC") and AMCI as Defendants. [Id. at 1]. Plaintiff appears to allege as follows.

On July 21, 2023, between 5:00 and 6:30 p.m., Defendants Strafford, Hicks, and Ellis "[g]anged up" on the Plaintiff, calling him out of the dorm and into the hallway. [Id. at 4]. These Defendants verbally assaulted the Plaintiff and Defendant Ellis threatened him. [Id. at 4-5]. Plaintiff "contact[ed] their superior officers," who ignored the Plaintiff and his plea for help. [Id. at 5]. Plaintiff was ordered to submit to handcuffs "under false Allegations [*sic*]." [Id. at 4-5]. After Plaintiff submitted to handcuffs, Defendant Hicks "twisted [Plaintiff's] wrist and Butterflied [his] Hands before placing The Hand Cuffs

---

[1] In docketing Plaintiff's Complaint, the Clerk listed this Defendant as "Nathan" Hicks. This Defendant, however, consistently appears throughout the Complaint as "Matthan" Hicks. Additionally, the Clerk docketed Defendant "Aldrige" as "Aldridge." The Court will direct the Clerk to correct these errors.

[2] Plaintiff inconsistently refers to Defendant Brown in the Complaint. That is, he identifies this Defendant as Landon "Brown" in the caption of the Complaint but later refers to him as Landon "Browning." [See Doc. 1 at 1, 4]. Plaintiff is directed to correct this Defendant's name in the docket if necessary.

on," "[j]acked [Plaintiff's] shoulder," and ignored his medical issues. [Id.]. Defendant Stafford carried Plaintiff to isolation alone. [Id.].

On August 21, 2023, after receiving Plaintiff's complaints, presumably regarding the alleged July 21, 2023 incident, Defendants Brown and Aldrige attempted to cover up the matter by falsifying documents and placing Plaintiff in isolation again "for making complaints about the Actions going on in Their unit, which caused [Plaintiff] To Be Assaulted By use of force Handcuffs process." [Id. at 4]. Plaintiff also noticed that after the "Institution Head Leaders" insisted that the accused officers "Deal with It," Plaintiff was "Harassed and Targeted For senseless Infractions showing Deliberate Indifference." [Id. at 5].

Plaintiff also alleges that the Defendants at AMCI have a custom of using excessive force and false documentation and allegations to cover up their actions, as well as shredding grievances and denying process to all complaints. [Id. at 4].

Plaintiff claims violation of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.[3] [Id. at 3]. For injuries, Plaintiff claims that he suffered physical pain and various physical

---

[3] The Court will address only those claims fairly raised by Plaintiff's Complaint.

injuries, emotional and mental stress, "lost time being in the hole," monetary loss from infraction payment, and medical copayment. [Id. at 5]. Plaintiff seeks monetary and injunctive relief.[4] [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

---

[4] Plaintiff also purports to seek "over 20 million" in damages as a "class action lawsuit … [f]or all inmates who suffered from the same incidents … at [AMCI]." [Doc. 1 at 5]. Plaintiff cannot recover damages for injuries suffered by individuals who are not joined as plaintiffs in this matter.

4

<u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. <u>See</u> 42 U.S.C. § 1983; <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999); <u>Health & Hosp. Corp. of Marion Cnty. v. Talevski</u>, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff attempts to name the NCDAC as a Defendant. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Therefore, NCDAC is not a "person" under § 1983. <u>See</u> <u>Fox v. Harwood</u>, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). Plaintiff's claims against NCDAC are, therefore, dismissed with prejudice.

Additionally, NCDAC facilities are not "persons" under § 1983. See Fox v. Harwood, 2009 WL 1117890 at *1 (W.D.N.C. April 24, 2009). As such, Defendant AMCI is also dismissed with prejudice.

Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient.

<u>Williamson</u>, 912 F.3d at 171.  Plaintiff fails to make any allegations against Defendants Fox, Bullis, or Crow.  [<u>See</u> Doc. 1].  The Court, therefore, will dismiss these Defendants for Plaintiff's failure to state a claim for relief against them.

### A.    Excessive Force and Failure to Protect

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain."  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious– and a subjective component–that the prison official acted with a sufficiently culpable state of mind.  <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996).  In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm."  <u>Whitley</u>, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an

7

excessive force claim merely because he has the good fortune to escape without serious injury."  Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

The Eighth Amendment's Cruel and Unusual Punishments Clause also imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials.  See Farmer, 511 U.S. at 833.  Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  Id. at 834.  To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety."  De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted).  To show deliberate indifference, the inmate "must show both (1) 'that the [prison] official in question subjectively recognized a substantial risk of harm' and (2) that the official also 'subjectively recognized' that any actions he took in response 'were inappropriate in light of that risk.'"  Ford v. Hooks, --- F.4th ---, 2024 WL 3260902, at *4 (Jul. 2, 2024) (quoting Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (cleaned up)).  It is not enough that the prison official should have recognized the risk and the inadequacy of his response.  Id. Instead, the official "actually must have perceived" both.

Parrish, 372 F.3d at 302-03 ("Deliberate indifference is a very high standard," and "a showing of mere negligence will not meet it") (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's excessive force claim against Defendant Hicks survives initial review as not clearly frivolous. Plaintiff, however, has failed to state an Eighth Amendment claim against Defendants Strafford and Ellis. That is, Plaintiff alleges only that these Defendants verbally assaulted him, and that Defendant Ellis threatened him. The law is well-established that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983. Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W.Va. Aug. 19, 2019) (collecting cases). The Court, therefore, will dismiss this claim against Defendants Strafford and Ellis.

Furthermore, Plaintiff's allegations are insufficient to state a claim based on the failure to protect him from harm. While he alleges that Defendants Strafford and Ellis were present when Defendant Hicks allegedly used excessive force in applying the handcuffs, Plaintiff's allegations do not reflect that the force used by Defendant Hicks was of sufficient duration or severity that Defendant Strafford and Hicks could or should have appreciated

9

a substantial risk of harm or that they had the opportunity to act differently in light of that risk.  The Court, therefore, will also dismiss this claim.

### B.    Access to Grievance Procedure

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017).  Plaintiff, therefore, has failed to state a claim based on the denial of access to or interference with the grievance procedure.  The Court, therefore, will dismiss this claim.

### C.    Retaliation

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits.  See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017).  Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them.  See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the

defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct.  Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted).  The causation element "requires that a plaintiff plausibly allege that the defendants were aware of the plaintiff's engaging in a protected activity and show some degree of temporal proximity to suggest a causal connection."  Gowen v. Winfield, 130 F.4th 162, 173 (2025) (cleaned up).

Retaliation claims brought by prisoners are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct.  See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim.  Id., 40 F.3d at 74.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, his First Amendment retaliation claim against Defendants Brown and Aldrige survives initial review as not clearly frivolous. To the extent Plaintiff purports to state a retaliation claim against any other Defendant, he has failed to do so.

## D. Disciplinary Charges

To the extent Plaintiff seeks to state a claim based on false disciplinary charges, this claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, if the Plaintiff were to prevail on a claim that any disciplinary charges were unfounded, that would necessarily imply the invalidity of the

disciplinary convictions.  See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated).  The Plaintiff, however, has not alleged that any disciplinary convictions have been reversed or otherwise invalidated.  Therefore, Plaintiff's claim appears to be barred by Heck.

### E.    Due Process

Prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)).  Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, however, an inmate is entitled to certain due process protections.  These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses

and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  See Wolff, 418 U.S. at 564-71.  There is no constitutional right, however, to confront and cross-examine witnesses or to retain and be appointed counsel.  See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004).  If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied.  See Baxter, 425 U.S. at 323 n.5.  Moreover, substantive due process is satisfied if the disciplinary hearing decision was based on "some evidence."  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a due process claim based on the conduct of any disciplinary proceedings.  Plaintiff's allegations are too vague and conclusory to state a claim for relief in the first place.  See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or

indirectly, that support each element of the claim). Plaintiff alleges only that his "Rights To fair and Impartial Hearings" have been violated and that he "Lost Time Being in The Hole." [Id.].

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Plaintiff does not allege who was responsible for the conduct of the disciplinary proceeding(s) that allegedly resulted in "lost time."

Plaintiff's allegations fail to state a due process claim in any event. That is, Plaintiff fails to allege facts showing that he was deprived of advance written notice of the disciplinary charges, the opportunity to call witnesses and present documentary evidence in his defense, or a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-71.

For these reasons, Plaintiff has failed to state a due process claim. The Court, therefore, will also dismiss this claim.

## IV. CONCLUSION

In sum, Plaintiff's individual capacity Eighth Amendment excessive force claim against Defendant Hicks and Plaintiff's First Amendment individual capacity retaliation claim against Defendants Brown and Aldrige

15

survive initial review. The Court will dismiss all remaining claims and the remaining Defendants in this matter.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's individual capacity Eighth Amendment excessive force claim against Defendant Hicks and Plaintiff's First Amendment individual capacity retaliation claim against Defendant Brown and Aldrige survive initial review.

**IT IS FURTHERED ORDERED** that all remaining claims are **DISMISSED** on initial review for Plaintiff's failure to state a claim for relief. See 28 U.S.C. §§ 1915(e)(2), 1915A.

**IT IS FURTHER ORDERED** that Defendants Fox, Bullis, Crow, Stafford, Ellis, Avery Mitchell Correctional Institution, and Department of Adult Correction are hereby **DISMISSED** as Defendants in this matter.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Hicks, Brown, and Aldrige, who are alleged to be current or former employees of the North Carolina Department of Adult Corrections.

The Clerk is respectfully instructed to update the docket to reflect Defendant "Nathan" Hicks's name as "Matthan" Hicks and Defendant "Aldridge" as "Aldrige."

16

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: January 12, 2026

Martin Reidinger
Chief United States District Judge